GARRETT L. SEUELL, S.B. No. 323175
   Email: Gseuell@akk-law.com
DERICK E. KONZ, ESQ., SB No. 286902
   Email: dkonz@akk-law.com
BRUCE A. KILDAY, ESQ., SB No. 066415
   Email: bkilday@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA 95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Defendants CITY AND COUNTY OF WEST SACRAMENTO, N. OGDEN, FORTIER, MAHAFFEY, and A. SCHEIBER.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBBIE D. WHITE, | Case No.: 2:20-cv-02383-MCE-AC |
|                Plaintiff, | **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |
| vs. | |
| CITY AND COUNTY OF WEST SACRAMENTO, et al., | DATE: February 11, 2021<br>TIME: 2:00 p.m.<br>CRTRM: 7 |
|                Defendants. | Hon. Morrison C. England |

Defendant CITY OF WEST SACRAMENTO and Officers OGDEN, FORTIER, MAHAFFEY, SCHREIBER ("Defendants") submit the following reply to Plaintiff's opposition (ECF No. 6) to Defendants' motion to dismiss (ECF No.4).

## I.    ARGUMENT

Plaintiff's opposition perpetuates the same problems noted by Defendants in their motion to dismiss by repeating the conclusory statements and conjecture used to support the claims found in his FAC. Plaintiff fails to properly respond to the arguments presented by Defendants and does not indicate how he could amend to state cognizable claims.

A. **GENERALLY REFERENCING "POLICIES" IS NOT ENOUGH TO STATE A CLAIM FOR MUNICIPAL LIABILITY.**

Plaintiff's opposition adds nothing to the flawed Municipal Liability claim in the FAC. Plaintiff attempts to support his claim that the West Sacramento Police Department ("WSPD") "engaged in customs of racial discrimination against African American persons that caused Plaintiff to suffer injuries" by simply stating, without factual support, that "[o]n information and belief, the [WSPD] officers involved in this case were using illegal and discriminatory practices, policies, and customs of unlawfully threatening, harassing, and arresting innocent African American men." (Opposition at 7:15-20; FAC at 2:5-7.)  However, to state a viable § 1983 claim against a public entity for the acts of its employees based on an unconstitutional policy, the plaintiff must allege <u>facts</u> showing the entity caused a constitutional violation to occur because of a <u>specific policy by a final policymaker</u> regarding a <u>particular kind of action</u> and resulting injury to the plaintiff.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–483 (1986); *Ashcroft v. Iqbal*, 556 U.S. 662, 675 – 677 (2009); *Dougherty v. City of Covina* (9th Cir. 2011) 654 F.3d 892, 900 (affirming dismissal of *Monell* claim for lack of pled facts); *McCauley v. City of Chicago* (7th Cir. 2011) 671 F.3d 611, 616–618; *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).  Neither the FAC nor Plaintiff's opposition makes any such showing.

In addition, Plaintiff states that "if granted leave to amend the complaint, Plaintiff can allege additional facts supporting his claims.  Plaintiff can and will allege that Defendants engage in a wide spread custom of racial profiling African Americans, using excessive force against African Americans, assaulting African Americans without discipline or punishment, and failure to use de-escalation techniques in encounters with African Americans." (Opposition at 7:21-26.) However, Plaintiff has failed to articulate <u>how</u> he intends to amend to resolve the deficiencies in the FAC.  *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A plaintiff may not in substance say 'trust me,' and thereby gain a license for further amendment when prior opportunity to amend had been given").  Thus, Plaintiff's Municipal Liability claim should be dismissed without leave to amend.

1
2
B.  **PLAINTIFF'S MALICIOUS PROSECUTION CLAIM DOES NOT FALL WITHIN ANY EXCEPTION TO THE GOV. CODE § 821.6 IMMUNITY STATUTE.**

3
4
5
6
7
Plaintiff's opposition states that his Malicious Prosecution claim falls within exceptions to Gov. Code § 821.6 because (1) Defendants "intended to deny Plaintiff equal protection of constitution rights due to his race as an African American" (Opposition at 8:23-27) and (2) "the officers exceeded the scope of their employment by using excessive force, committing assault battery, and false imprisonment against Plaintiff" (Opposition at 9:8-12).

8
9
10
11
12
13
14
However, Plaintiff's allegation that Defendants intended to violate his equal protection rights because of his race is based only on conclusory statements and conjecture.  The only support Plaintiff offers to justify this alleged racial animus is the fact that "[o]n information and belief this group of officers were Caucasian" and Plaintiff is African American.  (Opposition at 3:22-24.) This conclusory allegation is insufficient to defeat the immunity afforded a public employee for instituting a judicial proceeding within the scope of his employment, even if he acts maliciously and without probable.  Gov. Code § 821.6.

15
16
17
18
19
20
21
22
23
 In addition, Plaintiff's claim that an allegation of excessive force defeats the Gov. Code 821.6 immunity is flawed – he is conflating his assault claim (Cause of Action No. 4) with the malicious prosecution claim (Cause of Action No. 5).  The *Blankenhorn* case cited by Plaintiff in his opposition held that when "**assault, battery, negligence, and intentional infliction of emotional distress claims**" are based on acts of excessive force that allegedly happened during an arrest, "[Gov. Code § 821.6] does not confer immunity **from those claims** upon Defendants." *Blankenhorn v. City of Orange*, 485 F.3d 463, 488 (9th Cir. 2007) (emphasis added).  In our case, Plaintiff is erroneously attempting to apply this holding to a malicious prosecution claim.  Thus, Plaintiff's malicious prosecution claim should be dismissed without leave to amend.

24
25
C.  **PLAINTIFF FAILS TO IDENTIFY A STATUTE THAT ALLOWS A DIRECT CLAIM FOR NEGLIGENT HIRING, TRAINING, AND RETENTION AGAINST THE CITY.**

26
27
28
Plaintiff's opposition fails to address Defendants' argument that the "Negligent, Hire, Training, Retention" claim is a <u>direct claim</u> against the City and not permitted absent a specific statute authorizing it.  See Gov. Code § 815(a) (except as otherwise provided by statute, a public

entity is not liable for injuries, regardless of whether the injuries arise from an act or omission of the public entity, a public employee, or any other person). Plaintiff does not identify any statute that justifies this direct claim against the City because such a statute does not exist. In addition, Plaintiff fails to identify an enactment that satisfies the mandatory duty element of a negligence claim. *County of Los Angeles v. Superior Court* (2002) 102 Cal.App.4th 627, 638-39 ("the statute or 'enactment' claimed to establish the duty must at the very least be identified"); *see also Sullivan v. City of Sacramento* (1987) 190 Cal.App.3d 1070, 1079-1080 ("a litigant seeking to plead the breach of a mandatory duty must specifically allege the applicable statute or regulation"). Thus, Plaintiff's "Negligent, Hire, Training, Retention" claim should be dismissed without leave to amend.

### D. PLAINTIFF FAILS TO PROVIDE ANY APPELLATE AUTHORITY THAT SUGGESTS A POLICE DEPARTMENT IS A BUSINESS ESTABLISHMENT UNDER THE UNRUH CIVIL RIGHTS ACT.

Defendants' motion to dismiss cites multiple Courts of Appeal that have held that a government entity is not a business establishment under the Unruh Civil Rights Act. *Brennon B. v. Superior Court of Contra Costa Cty.*, 57 Cal. App. 5th 367 (2020) (the Unruh Act is "directed at private, rather than state, conduct."); *Harrison v. City of Rancho Mirage,* 243 Cal.App.4th 162, 175 (2015) (city not a business establishment in amending municipal code to increase age of person "responsible" for short-term rental); *Qualified Patients Assn. v. City of Anaheim,* 187 Cal.App.4th 734, 764 (2010) (city "not functioning as a 'business establishment' " in enacting legislation regulating medical marijuana); *Burnett v. San Francisco Police Department*, 36 Cal.App.4th 1177, 1191–1192 (1995) (city ordinance restricting young adults from after-hours clubs not actionable under Unruh Act; nothing in the Act "precludes legislative bodies from enacting ordinances that make age distinctions among adults"); *Carter v. City of Los Angeles,* 224 Cal.App.4th 808, 825–826 (2014) (although appellate court reversed approval of class action settlement, it agreed recovery of damages under Unruh Act was "unlikely," as a "public entity providing sidewalks and curbs to its citizens does so as a public servant, not a commercial enterprise").

Plaintiff fails to address the holdings from these Courts of Appeal. Instead, Plaintiff supports his contention that a police department is a public establishment with the following

district court cases: *Yates v. E. Side Union High Sch. Dist.*, No. 18-cv-02966-JD, 2019 U.S. Dist. LEXIS 27143, 2019 WL 721313 (N.D. Cal. Feb. 20, 2019); *Whooley v. Tamalpais Union High School Dist.*, 399 F.Supp.3d 986 (N.D. Cal. 2019); *Sullivan v. Vallejo City Unified School Dist.*, 731 F.Supp. 947 (E.D.Cal. 1990).

In *Yates*, the plaintiff brought suit under the Americans with Disabilities Act of 1990 ("ADA") which is a *per se* violation of the Unruh Civil Rights Act. *Yates*, *supra*, No. 18-CV-02966-JD, 2019 WL 721313, at *2; Cal. Civ. Code § 51(f) (a "violation of the right of any individual under the federal [ADA] shall constitute a violation of the [Unruh Civil Rights Act]"). In *Whooley*, the court held that a school district could be a business establishment for purposes of the Unruh Act. *Whooley*, *supra*, 399 F. Supp. 3d at 998 (emphasis added). In *Sullivan*, the court held that "public schools were among those organizations listed in the original version of the Unruh Act, [and] it must follow that for purposes of the Act they are business establishments as well." *Sullivan By & Through Sullivan*, supra, 731 F. Supp. at 953 (emphasis added). Here, the cases cited by Plaintiff in support of his Unruh Act claim can be distinguished from our case because Plaintiff's claim does not involve the ADA, a school district, or a public school.

In sum, Plaintiff's Unruh Act claim should be dismissed because a police department is not "business establishment" under the Unruh Civil Rights Act.

## II.   CONCLUSION

Plaintiff's opposition does not overcome the arguments outlined in Defendants' motion to dismiss. Namely, (1) Plaintiff failed state a viable § 1983 claim against the City for the acts of its employees based on a specific unconstitutional policy; (2) Gov. Code § 821.6 protections the officers from liability for initiating a judicial proceeding; (3) Plaintiff failed to identify any statute that justifies a direct claim against the City for "negligent hiring, training, and retaliation"; and (4) Plaintiff failed to provide any applicable authority that holds a police department is a business establishment under the Unruh Civil Rights Act.

Therefore, Defendants seek dismissal, without leave to amend, of the *Monell* claims against the City (Nos. 1 and 2); the Malicious Prosecution claim against the officers (No. 5); the Negligent

///

Hiring, Training and Retention claim against the City (No. 7); and the Unruh Act claim against the City and the officers (No. 8).

Dated: February 2, 2021                                    ANGELO, KILDAY & KILDUFF, LLP

By: _____
*/s/ Garrett L. Seuell*
GARRETT L. SEUELL
Attorneys for Defendants CITY AND COUNTY OF WEST SACRAMENTO, N. OGDEN, FORTIER, MAHAFFEY, and A. SCHEIBER.