UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE D. WHITE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF WEST SACRAMENTO, a local public entity; et al.,<br><br>　　　　Defendants. | No.  2:20-cv-02383-MCE-AC<br><br><br>**ORDER** |

Presently before the Court is a Motion to Withdraw as Counsel of Record (ECF No. 21) filed by Jason Sias and Sias Law, Inc. (collectively, "Counsel"), who represents Plaintiff Robbie D. White ("Plaintiff") in this matter, by which Counsel seeks to withdraw leaving Plaintiff in propria persona.[1]  This Motion is governed by the requirements of Eastern District of California Local Rule 182(d), which provides, among other things, that an attorney may not withdraw, leaving the client in propria persona, absent a noticed motion, appropriate affidavits, notice to the client and all other parties who have appeared, and compliance with the Rules of Professional Conduct of the State Bar of California.  California Rule of Professional Conduct 3-700(C)(6) permits a member of the

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this Motion submitted on the briefs in accordance with Local Rule 230(g).

1

State Bar to seek to withdraw from representation when "[t]he member believes in good faith . . . that the tribunal will find the existence of . . . good cause for withdrawal." However, "[a] member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, . . . and complying with applicable laws and rules." Cal. R. of Professional Conduct 3-700(A)(2). Whether to grant leave to withdraw is subject to the sound discretion of the Court and "may be granted subject to such appropriate conditions as the Court deems fit." E.D. Cal. Local R. 182(d); Canandaigua Wine Co., Inc. v. Edwin Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009).

Pursuant to the instant motion, Counsel has provided Plaintiff with a formal termination of representation letter along with an electronic case file that contained all files related to Plaintiff's case. Counsel has also been in contact with Plaintiff regarding Counsel's intent to file the instant motion. It appears from the papers, however, that Counsel failed to provide the Court with Plaintiff's last known address(es) in the affidavit Counsel submitted pursuant to Local Rule 182(d). Accordingly, the Court defers ruling on the Motion to give counsel the opportunity to supplement the record. Not later than five (5) days following the date this Order is electronically filed, Counsel is directed to file an affidavit complying with the mandates set forth in the local rules.

IT IS SO ORDERED.

Dated: September 3, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE