

**FILED**

**DEC 0 9 2021**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ROBBIE D. WHITE,                                )
                                                )
            Plaintiff,                          )   Case No. 2:20-cv-02383 MCE AC PS
                                                )
                                                )
    v.                                          )   **PLAINTIFF'S OBJECTIONS TO**
                                                )   **MAGISTRATE JUDGE'S REPORT AND**
CITY AND COUNTY OF WEST                         )   **RECOMENDATION**
SACRAMENTO, et al.                              )
                                                )
            Defendants.                         )
_____        )

Plaintiff, Robbie D. White, ("Plaintiff"), pursuant to the Local Rule 304 and Fed. R. Civ.

P. 72(b), submits his Objections to the Magistrate Judge's Report and Recommendation. (ECF

No. 40). Plaintiff objects to the Magistrate Judge's recommendation to dismiss this action,

without prejudice, for lack of prosecution and for failure to comply with the court's order.

### I.    Introduction

In the present case Plaintiff's former attorney and the opposing parties stipulated to

change the hearing date of the motion to dismiss from November 4, 2021 to January 13, 2022,

with the deadline for filing the opposition on or before December 30, 2021. This stipulation

provided a pro se Plaintiff with enough time to prepare the opposition after withdrawal of his

counsel. Subsequently, the hearing date was changed from January 13, 2022 to December 1,

2021. Defendants allegedly serve a notice with a new hearing date to Plaintiff via email, in

violation of Fed. R. Civ. P. 5(b)(2)(E) that requires a party's consent in writing for receiving

documents by electronic means. Realizing that the Plaintiff was not properly served with the

notice with a new hearing date, on November 18, 2021 the Magistrate judge issued an order

**PLAINTIFF'S OBJECTIONS TO**
**MAGISTRATE JUDGE'S REPORT AND RECOMENDATION**

continuing the motion to dismiss hearing to December 8, 2021 (with the deadline for filing the opposition no later than November 24, 2021). But this new order was mailed to Plaintiff only a few days before the deadline for filing the opposition, preventing Plaintiff effectively object the motion to dismiss.

A district judge is required to weigh several factors in determining whether to dismiss a case for lack of prosecution. These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. In the present case all these factors weigh against dismissal. Accordingly, the dismissal would be an abuse of discretion.

## II.   **Background**

On December 1, 2020, the present action was removed by Defendants from the Superior Court of the State of California, County of Yolo, Case No. CV2020-1468. (ECF No. 1).

On December 29, 2020, Defendants moved to dismiss the action. (ECF No. 4). Plaintiff, through his counsel, filed an opposition to the motion to dismiss. (ECF No. 6). On September 7, 2021 this court granted Defendants' motion to dismiss with leave to amend. (ECF No. 26).

On September 22, 2021 Plaintiff filed amended complaint. (ECF No. 27).

On October 4, 2021 Plaintiff's counsel filed the motion to withdraw as attorney. (ECF No. 29). Immediately after filing the motion to withdraw, Defendants filed the second motion to dismiss the amended complaint. (ECF No. 30). On October 7, 2021, in light of the pending motion to withdraw, the parties stipulated to reset the hearing date (and corresponding briefing schedule) on Defendants' motion to dismiss from November 4, 2021 to January 13, 2022 at 2:00

**PLAINTIFF'S OBJECTIONS TO**
**MAGISTRATE JUDGE'S REPORT AND RECOMENDATION**

p.m. (ECF No. 31). Parties agreed about new hearing date to give pro se Plaintiff enough time to prepare the opposition to the motion to dismiss. Plaintiff was instructed by his counsel that he must file opposition to the motion to dismiss on or before December 30, 2021. On October 13, 2021 the court granted the motion to withdraw Plaintiff's counsel. (ECF No. 32).

On November 18, 2021 the Magistrate judge issued an order continuing the motion to dismiss hearing to December 8, 2021 (with the deadline for filing the opposition no later than November 24, 2021). This order was mailed to Plaintiff, but Plaintiff had not enough time to prepare and file an opposition to the motion to dismiss.

### III.  Standard of Review

When a party files written objections to the Magistrate Judge's Report and Recommendation, the District Court makes a de novo determination of those portions of the report to which specific objection is made and must affirm, reject, or modify the recommendation. See 28 U.S.C. § 636(b) (1); Federal Rule of Civil Procedure 72(b).

### IV.  Argument

**A. Plaintiff was not properly served with the notice informing about the date of hearing of the motion.**

Initially, the motion to dismiss hearing was set on November 4, 2021 (ECF No. 30). On October 7, 2021, in light of the pending motion to withdraw, the parties stipulated to reset the hearing date (and corresponding briefing schedule) on Defendants' motion to dismiss from November 4, 2021 to January 13, 2022 at 2:00 p.m. (ECF No. 31). Pursuant to the Local Rule 230, an opposition to the motion shall be filed and served not less than 14 days preceding the notice hearing date. Thus, pursuant to the stipulation the deadline for filing an opposition to the

PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMENDATION

motion was December 30, 2021. On October 22, 2021 Defendants' counsel issued Re-notice of motion to dismiss first amended complaint (ECF No. 35). This notice states that the hearing date was changed from January 13, 2022 to December 1, 2021. Pursuant to the proof of service for ECF No. 35, the notice was sent via email.

It is well-settled by our courts that email service is not proper if a party has not consented to electronic service in writing. Under the Federal Rules of Civil Procedure, electronic service of documents on a party that has already been served with the summons in the action is allowed through consent of the party being served. See Fed. R. Civ. P. 5(b)(2)(E) ("sending it by other electronic means that the person consented to in writing"). California law similarly requires consent for service by e-mail. See Cal. Rules of Court, rule 2.251(b) ("A party or other person indicates that the party or other person agrees to accept electronic service by ... [s]erving a notice on all parties and other persons that the party or other person accepts electronic service and filing the notice with the court. The notice must include the electronic service address at which the party or other person agrees to accept service."); *Lasalle v. Vogel*, 36 Cal. App. 5th 127, 138, 248 Cal. Rptr. 3d 263, 270-71 (2019) ("We find it significant that by law e-mails are insufficient to serve notices on counsel in an ongoing case without prior agreement and written confirmation ...

In *Brooke v. Sai Ashish, Inc.*, No. 121CV00967AWISAB, 2021 WL 3723216, at *2 (E.D. Cal. Aug. 23, 2021), the court did not accept service via email without party's consent stating that "Nowhere in counsel's declaration does he appear to proffer that Defendant or any of Defendant's representatives expressly consented to service by e-mail in writing." In *Davis v. Elec. Arts Inc.*, No. 10-CV-03328-RS (DMR), 2017 WL 8948082, at *2 (N.D. Cal. Sept. 12, 2017) the court denied the motion holding that the party did not properly serve the opposing

party with the document at issue. The court further stated that the use of email in communication does not constitute "consent[ ] in writing," which the Advisory Committee notes make clear "must be express, and cannot be implied from conduct." Fed. R. Civ. P. 5, Advisory Committee Notes, 2001 Amendment). In *Gillette v. Stater Bros. Markets*, No. EDCV191292JVSKKX, 2020 WL 1904663, at *3 (C.D. Cal. Apr. 16, 2020), the court found that "There is no evidence Defendant agreed to accept service by electronic means. Therefore, Plaintiff's delivery of the initial disclosures by email did not comply with the requirements for effective service under Federal Rule of Civil Procedure 5."

Defendants failed to properly serve the Plaintiff with the notice informing about a new hearing date. Plaintiff has not consented to receive documents via email. Accordingly, Defendants' notice informing about a new hearing date was not proper.

**B. Dismissal the case for failure to prosecute would be an abuse of discretion.**

Generally, a dismissal for failure to prosecute is not equivalent to a dismissal on the grounds that an action is "frivolous, malicious, or fails to state a claim upon which relief may be granted." See *Butler v. Department of Justice*, 492 F.3d 440, 443 (D.C.Cir.2007) (dismissal for failure to prosecute made without regard to merits of claim does not constitute strike).

A district judge is required to weigh several factors in determining whether to dismiss a case for lack of prosecution. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Id. There must also be a showing of unreasonable delay. Id.

**PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMENDATION**

The first two factors do not favor dismissal. Plaintiff failed to timely file the opposition to the motion to dismiss because he instructed his previous attorney and reasonable believed that the deadline to file the opposition was December 30, 2021. Defendants failed to properly serve Plaintiff with the notice that the hearing date was changed to December 1, 2021 (the deadline for filing the opposition was also changed). Later, the Magistrate judge change the hearing date to December 8, 2021, with the deadline for filing the opposition no later than November 24, 2021. But this order was mailed to Plaintiff only on November 18, 2021, not giving pro se Plaintiff enough time to respond the motion.

Regarding the third factor, the risk of prejudice to Defendants, "only unreasonable delay will support a dismissal for lack of prosecution and unreasonableness is not inherent in every lapse of time." *Nealey v. Transportacion Maritima Mexicana*, 662 F.2d 1275, 1280 (9th Cir. 1980) (citation omitted). Where a district court finds unreasonable delay, prejudice is presumed to exist. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). But, here, the conduct was not so egregious, or without remedy, that there was prejudice to Defendants. Not all delays were unreasonable or caused by Plaintiff. Defendants also caused this delay by failing to serve Plaintiff pursuant to the Fed. R. Civ. P. 5(b)(2)(E).

The remaining two factors do not support dismissal. The public policy favoring disposition on the merits almost always weighs against dismissal; this case is no exception. See *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). The availability-of-alternatives factor also weighs against dismissal. This factor generally supports dismissal if the district court "explicitly discuss[ed] the feasibility of less drastic sanctions and explain[ed] why alternative sanctions would be inadequate," implemented lesser sanctions before dismissing the lawsuit, or

**PLAINTIFF'S OBJECTIONS TO**
**MAGISTRATE JUDGE'S REPORT AND RECOMENDATION**

warned plaintiffs beforehand of the possibility of dismissal. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987); accord *Hernandez v. City of El* Monte, 138 F.3d 393, 401 (9th Cir. 1998). These sub-factors are "a way for a district judge to think about what to do, not ... a script for making what the district judge does appeal-proof." *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (citation omitted). While the district court noted that "no lesser sanction is likely [to] be effective," the district court did not reasonably explore the feasibility of alternatives to dismissal. *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976); see also *Malone*, 833 F.2d at 132 ("We have indicated a preference for explicit discussion by the district court of the feasibility of alternatives when ordering dismissal."). In the present case, the court should have discussed or employed a lesser sanction before dismissing the lawsuit, especially when the motion to dismiss was filed immediately after withdrawal of attorney and changing deadline for failing opposition. The "harsh remedy" of dismissal required the district court to reasonably explore "meaningful alternatives ... bearing in mind the drastic foreclosure of rights that dismissal effects." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). And the harshness of the dispositive sanction, without a reasonable consideration of lesser alternatives weighs heavily against dismissal with prejudice. See *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) ("While contumaciousness toward the court needs a remedy, something other than case-dispositive sanctions will often suffice.")

In sum, all factors weigh against dismissal. Accordingly, the dismissal would be an abuse of discretion.

## V.   **Conclusion**

For these reasons, Plaintiff Robbie D. White respectfully requests this Court to reject

**PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMENDATION**

Magistrate Judge's recommendations with regard to dismissal for lack of prosecution and for failure to comply with the court's order. Plaintiff should be allowed to file an opposition to the motion to dismiss.

Dated: December 7, 2021

Respectfully submitted,

By

Robbie D. White,

Plaintiff Pro se

**PLAINTIFF'S OBJECTIONS TO**
**MAGISTRATE JUDGE'S REPORT AND RECOMENDATION**

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing document via electronic mail on all counsel listed on the below Service List.

Dated: December 7, 2021

By _Robbie D. White_
Robbie D. White

**SERVICE LIST**

Danielle J. Williams
Derick E. Konz
Angelo Kilday & Kilduff, LLP
601 University Ave.
916-564-6200-233
Sacramento, CA 95825
dwilliams@akk-law.com
dkonz@akk-law.com

Page 9
**PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMENDATION**