UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ROBBIE D. WHITE,              | No. 2:20-cv-02383-MCE-AC |
|-------------------------------|--------------------------|
| Plaintiff,                    |                          |
| v.                            | **MEMORANDUM AND ORDER** |
| CITY OF WEST SACRAMENTO, et al., |                       |
| Defendants.                   |                          |

Plaintiff Robbie D. White ("Plaintiff") initiated the present civil rights action pursuant to 42 U.S.C. § 1983 against Defendants for claims arising out of Plaintiff's detention and arrest.  Second Am. Compl., ECF No. 53 ("SAC").  Presently before the Court are five Motions to Dismiss the SAC by the following groups of Defendants: (1) City of West Sacramento ("City"), and Officers Nathan Ogden ("Ogden"), Jason Mahaffey ("Mahaffey"), and Austin Schreiber ("Schreiber"), ECF No. 56; (2) County of Yolo ("County"), ECF No. 65; (3) Sheriff Tom Lopez ("Lopez") and Deputy David Santos ("Santos"), ECF No. 71; (4) Officers Christopher Cobb ("Cobb"), Matthew Montez ("Montez"), Daniel Boehle ("Boehle"), and Andrey Kinda ("Kinda"), ECF No. 77; and

///

///

///

(5) Sergeant Stefan Iwanicki ("Iwanicki"), ECF No. 79.  For the reasons set forth below, those Motions are GRANTED.[1]

On September 22, 2021, Plaintiff, proceeding pro se, filed a First Amended Complaint ("FAC"), which totaled 12 pages, listed eight claims for relief, and named the City, West Sacramento Police Department ("WSPD"), Ogden, Mahaffey, and Schreiber as Defendants.  ECF No. 27.  Those Defendants filed a motion to dismiss the FAC, which this Court granted in part and denied in part as follows:  (1) dismissing Plaintiff's Eighth Amendment, substantive due process, Monell liability, assault, and Bane Act claims with final leave to amend; (2) dismissing Plaintiff's excessive force, false arrest, and assault and battery claims with final leave to amend as to all defendants except Ogden and Mahaffey; (3) dismissing Plaintiff's First Amendment retaliation claim with final leave to amend as to all defendants except Ogden; and (4) dismissing Defendants City, WSPD, and Schreiber from the case.  See ECF Nos. 47 (findings and recommendations), 52 (order adopting findings and recommendations in full).

Plaintiff has since retained counsel and on April 21, 2022, he filed the operative SAC, which totals 32 pages and lists the following causes of action and defendants: (1) Fourteenth Amendment—Pretrial Due Process against Santos in his official and individual capacity; (2) Fourteenth Amendment—Failure to Train against Lopez, in his official capacity, and the County; (3) Fourth Amendment—Excessive Force against Mahaffey, Ogden, Kinda, and Cobb, in their official and individual capacities, and the City; (4) Fourth Amendment—False Arrest against Mahaffey, Ogden, Kinda, and Cobb, in their official and individual capacities, and the City; (5) Fourteenth Amendment—Equal Protection against Mahaffey, Ogden, Kinda, and Cobb, in their official and individual capacities, and the City; (6) First Amendment—Retaliation against Ogden and Boehle, in their official and individual capacities; (7) Fourteenth Amendment—Failure to Intervene against Iwanicki, Schreiber, Montez, and Boehle, in their official and individual

---

[1] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs.  E.D. Local Rule 230(g).

2

capacities, and the City; (8) battery against Ogden, Mahaffey, and Cobb, in their individual capacities, and Kinda, in his official and individual capacity; and (9) violation of California's Bane Act, California Civil Code § 52.1, against Ogden, Mahaffey, Kinda, and Cobb, in their official and individual capacities, and the City.  Through the present Motions, Defendants collectively move to dismiss the SAC on grounds that Plaintiff did not move to add new claims and parties or seek leave from this Court to do so, and that this Court's prior order did not grant Plaintiff leave to amend without limitation.  See ECF Nos. 56-1, at 3–4; 65-1, at 4–5; 71-1, at 4–6; 77-1, at 4.

Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days after serving it or 21 days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Id. 15(a)(2).  District courts in this circuit generally allow plaintiffs to add new claims and/or parties to an amended complaint where a prior order of dismissal granted leave to amend without limitation.  See, e.g., Katz v. Cal-W. Reconveyance Corp., No. 09-CV-04866-LHK, 2010 WL 3768049, at *5 n.1 (N.D. Cal. Sept. 21, 2010).  On the other hand, were a prior court order granted limited leave to amend, district courts in this circuit generally strike or dismiss new claims or parties contained in an amended complaint when the plaintiff did not seek leave to amend.  See, e.g., Benton v. Baker Hughes, No. CV 12-07735 MMM (MRWx), 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013); Espino v. Walgreen Co., No. 2:15-cv-00423-MCE-AC, 2016 WL 931098, at *3–4 (E.D. Cal. Mar. 11, 2016).  Thus, whether a district court will accept new claims and/or parties in an amended complaint after a motion to dismiss will depend on whether the plaintiff was granted leave to amend with or without limitation.  See Urista v. Bank of Am., N.A., No. C11-03097 HRL, 2012 WL 10596, at *6 (N.D. Cal. Jan. 3, 2012).  In so doing, courts look at the specific language of the prior order to determine whether or not leave to amend was granted without limitation.

///

When the language of an order clearly states that a plaintiff may only amend to address certain deficiencies identified in the order, courts have held that a plaintiff is barred from adding new claims or parties. See Benton, 2013 WL 3353636, at *3. Here, the findings and recommendations issued by the magistrate judge, which were adopted in full by this Court, stated the following:

> If you want to file a Second Amended Complaint <u>to try to fix the problems with the dismissed claims</u>, you will have an opportunity to do so within 30 days after the district judge makes a ruling on these findings and recommendations. However, you do not have to file a Second Amended Complaint if you do not want to. If you wish to proceed solely on the claims that survive the motion to dismiss, you may indicate that choice in writing by the deadline for a Second Amended Complaint.

ECF No. 47, at 15 (original emphasis removed and emphasis added); see also ECF No. 52, at 2 (dismissing claims "with final leave to amend"). This language clearly demonstrates that Plaintiff was granted leave to amend to cure the deficiencies addressed in the findings and recommendations, and not without limitation as Plaintiff contends. Accordingly, the Court finds dismissal of all new claims and parties is warranted absent a properly noticed motion to amend by Plaintiff.[2]

For the foregoing reasons, Defendants' Motions to Dismiss (ECF Nos. 56, 65, 71, 77, 79) are each GRANTED. This case shall proceed on Plaintiff's excessive force, battery, and false arrest claims against Ogden and Mahaffey, and Plaintiff's First Amendment retaliation claim against Ogden. Otherwise, all other causes of action and defendants are hereby DISMISSED without prejudice. Not later than twenty (20) days after the date this Order is electronically filed, Plaintiff may (but is not required to) move to amend his complaint pursuant to Federal Rule of Civil Procedure 15 to add any claims

---

[2] Iwanicki did not specifically raise this contention in his motion to dismiss. See generally ECF No. 79-1 (raising insufficient service of process, statute of limitations, and qualified immunity arguments). However, "[a] District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). Because Iwanicki is a newly added party, the Court finds the foregoing analysis equally applicable to him and thus sua sponte dismisses the Seventh Cause of Action against Iwanicki as well.

4

and parties not included in the FAC.  If Plaintiff does not timely file an amended complaint accompanied by a properly noticed motion to amend, this action shall proceed on the aforementioned claims only.

IT IS SO ORDERED.

Dated:  November 4, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE