UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBBIE D. WHITE,

          Plaintiff,

    v.

CITY OF WEST SACRAMENTO, et al.,

          Defendants.

No.  2:20-cv-02383-MCE-AC

**ORDER**

Presently before the Court is Plaintiff Robbie D. White's ("Plaintiff") Motion for Leave to File Amended Complaint, which is opposed by Defendants Jason Mahaffey ("Mahaffey") and Nathan Ogden ("Ogden") (collectively, "Defendants").[1,2]  ECF Nos. 86, 89.  Specifically, Plaintiff seeks leave to file a Third Amended Complaint ("TAC"), which lists the following causes of action and defendants:  (1) Fourteenth Amendment—Pretrial Due Process against Deputy David Santos ("Santos") in his official and individual capacity; (2) Fourteenth Amendment—Failure to Train against Sheriff Tom Lopez ("Lopez"), in his official capacity, and County of Yolo ("County"); (3) Fourth

---

[1] Pursuant to this Court's order, this case is currently proceeding on Plaintiff's excessive force, battery, and false arrest claims against Ogden and Mahaffey, and Plaintiff's First Amendment retaliation claim against Ogden.  All other causes of action and defendants were dismissed without prejudice subject to Plaintiff's filing of a motion to amend the complaint.  See ECF No. 85.

[2] The Court notes that Plaintiff did not file a Reply brief, and the time to do so has passed.

1

1   Amendment—Excessive Force against Mahaffey, Ogden, Officer Andrey Kinda

2   ("Kinda"), and Officer Christopher Cobb ("Cobb"), in their official and individual

3   capacities, and the City; (4) Fourth Amendment—False Arrest against Mahaffey, Ogden,

4   Kinda, and Cobb, in their official and individual capacities, and the City; (5) Fourteenth

5   Amendment—Equal Protection against Mahaffey, Ogden, Kinda, and Cobb, in their

6   official and individual capacities, and the City; (6) First Amendment—Retaliation against

7   Ogden and Officer Daniel Boehle ("Boehle"), in their official and individual capacities;

8   (7) Fourteenth Amendment—Failure to Intervene against Sergeant Stefan Iwanicki

9   ("Iwanicki"), Officer Austin Schreiber, Officer Matthew Montez ("Montez"), and Boehle, in

10  their official and individual capacities, and the City; (8) battery against Ogden, Mahaffey,

11  Kinda, and Cobb, in their individual capacities; and (9) violation of the Bane Act,

12  California Civil Code § 52.1, against Ogden, Mahaffey, Kinda, and Cobb, in their official

13  and individual capacities, and the City.[3]  See Proposed TAC, ECF No. 86-2.  For the

14  reasons set forth below, Plaintiff's Motion is DENIED.[4]

15      Generally, a motion to amend is subject to Federal Rule of Civil Procedure 15(a),[5]

16  which provides that "[t]he court should freely give leave [to amend] when justice so

17  requires."  Fed. R. Civ. P. 15(a)(2).  However, once a pretrial scheduling order is filed

18  pursuant to Rule 16, "that rule's standards control[]."[6]  Johnson v. Mammoth

19  Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992).

20      Under Rule 16(b), a party seeking leave to amend must demonstrate "good

21  cause," which "primarily considers the diligence of the party seeking the amendment."

---

[3] The proposed TAC essentially includes eight new Defendants and four new causes of action not asserted in prior iterations of the Complaint.

[4] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

[5] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[6] According to this Court's Initial Pretrial Scheduling Order issued on December 1, 2020, "[w]ithin thirty (30) days of service of the complaint on the last party, or from the date of removal, whichever is later, the parties shall amend the complaint or join any parties pursuant to the Federal Rules of Civil Procedure. No other joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown."  ECF No. 2, at 2.

1    Id. at 609.  "Although the existence or degree of prejudice to the party opposing

2    modification might supply additional reasons to deny a motion [to amend], the focus of

3    the inquiry is upon the moving party's reasons for seeking modification."  Id.  "If that party

4    was not diligent, the inquiry should end."  Id.  Only upon a finding of good cause will the

5    court then evaluate the request to amend the complaint in light of Rule 15(a)'s liberal

6    standard.[7]

7            The Court finds that Plaintiff has not established good cause for leave to amend

8    the complaint.  Plaintiff was previously granted final leave to amend specific claims

9    against specific Defendants only.  See ECF Nos. 47 (findings and recommendations),

10   52 (order adopting findings and recommendations in full).  Instead of filing an amended

11   complaint in accordance with those limitations, however, Plaintiff filed a Second

12   Amended Complaint which included eight new defendants and four new causes of

13   action.  In justifying these delayed additions, Plaintiff first contends that, "[a]t the time of

14   the filing of this original Complaint, Plaintiff was unaware of the identities of [Kinda,

15   Boehle, Montez, Cobb, Iwanicki, Mahaffey, and Santos] and despite diligent attempts

16   could not discover their identities."  Proposed TAC, ECF No. 86-2 ¶ 18 (stating that

17   these Defendants "replace Does 1–7 as pleaded in the original pro se Complaint filed by

18   Plaintiff.").  However, such an argument is contradicted by the fact that after filing the

19   originating Complaint in state court back in July 2020, Plaintiff discovered the identities

20   of three police officers (Mahaffey, Santos, and Fortier).[8]  Compare Ex. A, ECF No. 65-2,

21   at 4–12, with Ex. A, Not. Removal, ECF No. 1, at 5–20; see also Defs.' Opp'n,

22

23          [7] In his Motion, Plaintiff relies on Rule 15 in seeking leave to amend.  See Pl.'s Mem., ECF No. 86-
     1, at 3–4.  However, because a Pretrial Scheduling Order issued almost two years ago, Plaintiff's Motion
24   must be analyzed under Rule 16 and the Court construes the Motion as having been made under that
     Rule.

25          [8] Although Santos is named as a defendant for the first time in the proposed TAC, Plaintiff clearly
     knew his identity back in November 2020, when he filed his first amended complaint in state court.  See
26   Ex. A, Not. Removal, ECF No. 1, at 10–11 ¶ 18 ("While Plaintiff was in Police Custody at the station,
     Officer Santos shoved Plaintiff into a filthy cell that was filled with urine, feces, and blood.").  Both that
27   complaint and the proposed TAC even assert similar allegations as to Santos, i.e., that Santos placed
     Plaintiff into an unclean cell and delayed medical treatment for his shoulder.  Compare id., with Proposed
28   TAC, ECF No. 86-2 ¶¶ 144, 147.

                                              3

ECF No. 89, at 6 (stating Plaintiff has not provided a "valid explanation for his delay in attempting to add these other officers as defendants, especially when he was able to discover several other officers' identities during this time.").  In any event, Plaintiff does not explain or proffer what "diligent attempts" were made to discover the officers' identities.

Additionally, Plaintiff also claims that, as a pro se litigant,

> [t]he mis-appellation of certain defendants was due to ignorance of certain operations of law and a sincerely held belief that certain entities were responsible when other entities were legally responsible for the acts complained of originally and herein.

> Furthermore, the lack of "official capacity" Yolo-County defendants, specifically Tom Lopez, or the County in the original pro se complaint itself was due to ignorance of legal "personhood," theories of liability, and finer points of law. [Plaintiff] lacked legal training and was unaware that these parties were, or even could be, responsible for the wrongs he suffered.

Proposed TAC, ECF No. 86-2 ¶¶ 19–20.  Even if the Court accepted "ignorance of the law" as a valid reason for delay, which it does not, Plaintiff has been represented by counsel at various points in this litigation, with counsel even drafting and filing Plaintiff's first amended complaint in state court.  See Ex. A, Not. Removal, ECF No. 1, at 5–20. Overall, this case has been ongoing for over two and a half years and Plaintiff has not provided a plausible reason as to why he should be allowed to assert numerous new claims and defendants at this juncture.  Because the Court finds that Plaintiff has not demonstrated good cause under Rule 16(b), its inquiry need not go any further.[9]

///

///

---

[9] Even considering Rule 15(a), the only other explanation Plaintiff offers in support of his Motion is that Defendants will not suffer prejudice because they can reassert arguments made in their prior motions to dismiss.  See Pl.'s Mem., ECF No. 86-1, at 3–5 (stating that the parties "have expressed their views on the legal merits of the substantive pleadings already in previous motion practice" and thus "there is no need to re-research or redraft issues.").  However, this still does not explain why the proposed amendments are necessary or warranted after two and a half years of litigation.  See Stoddart v. Express Servs., Inc., No. 2:12-cv-01054-KJM-CKD, 2015 WL 1812833, at *2 (E.D. Cal. Apr. 20, 2015) (stating that, if the movant articulates a reason why amendment is needed, then the "burden then shifts to the opposing party to persuade the court that 'justice' requires denial.").

1    For the foregoing reasons, Plaintiff's Motion for Leave to File Amended

2  Complaint, ECF No. 86, is DENIED.[10]  Not later than twenty (20) days after the date this

3  Order is electronically filed, Plaintiff may (but is not required to) file an amended

4  complaint in accordance with the findings and recommendations issued on February 9,

5  2022, and the order adopting those findings and recommendations on March 22, 2022.

6  See ECF Nos. 47, 52.  If no amended complaint is timely filed, this case shall proceed

7  only on Plaintiff's excessive force, battery, and false arrest claims against Ogden and

8  Mahaffey, and Plaintiff's First Amendment retaliation claim against Ogden.

9    IT IS SO ORDERED.

10  Dated:  February 11, 2023

11

12  _____
   MORRISON C. ENGLAND, JR.
13  SENIOR UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

---

26  [10] Defendants request that the Court take judicial notice of the "records, filings, and information,
   including the original complaint filed by Plaintiff on July 2, 2020, a true and correct copy of which is already
27  filed with this Court (Please see ECF No. 65-2, Exhibit A), in the Sacramento County Superior Court, Case
   No. 34-2020-00281611."  Defs.' RJN, ECF No. 89-1, at 2.  A court "may take judicial notice of court filings
28  and other matters of public record."  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6
   (9th Cir. 2006) (citation omitted).  Accordingly, Defendants' Request for Judicial Notice is GRANTED.